UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01350-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**<br><br>30-DAY DEADLINE |

Nathaniel Marcus Gann is a state prisoner proceeding *in forma pauperis*. He raises claims of cruel and unusual punishment and retaliation under 42 U.S.C. § 1983, as well as negligence and battery claims under state law. (Doc. 1 at 1, 5-7.) Plaintiff alleges Defendants denied him constitutionally adequate medical care while he was incarcerated at California Substance Abuse Treatment Facility and State Prison, Corcoran. (*See id.* at 9-27.)

"The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted). In California, the statute of limitations for section 1983 actions is two years. *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014).

In addition to the statute of limitations, federal courts apply "the forum state's law regarding tolling, including equitable tolling," for actions under section 1983. *Jones v. Blanas*,

393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). In California, the statute of limitations is "tolled" for a maximum of two years if and while a plaintiff is imprisoned, unless the plaintiff is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016) ("only those sentenced to life without possibility of parole should be excluded from the tolling provision" of section 352.1) (citations omitted).

Equitable tolling, on the other hand, "operates independently … of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (internal quotation marks and citation omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

The events underlying this action span from January 3, 2015 to February 16, 2017. (*See* Doc. 1 at 9-27.) Plaintiff initiated this action on September 26, 2019, more than two years later. (*See* Doc. 1.) Thus, Plaintiff's claims may be barred by the two-year statute of limitations, unless statutory tolling under section 352.1 or equitable tolling applies to his case.

Accordingly, **within 30 days,** Plaintiff shall show cause in writing why this action should not be dismissed as time-barred by the statute of limitations. In his response, Plaintiff shall explain why he did not file his complaint until September 2019. In addition, Plaintiff shall notify the Court whether he is serving a sentence of life without the possibility of parole. **Plaintiff is advised that failure to timely respond to this order will result in dismissal of this action for failure to obey a court order.**

IT IS SO ORDERED.

   Dated: __**March 25, 2020**__            _____**/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE