UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>    Plaintiff,<br><br>    v.<br><br>UGWUEZE, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01350-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE**<br><br>(Doc. 71) |

**I.  INTRODUCTION**

On May 16, 2024, Plaintiff[1] filed a document titled "Notice of New/Name Address, Motion for Appointment of Counsel, Motion In Re Settlement Conference." (Doc. 71.) At the direction of the Court, Defendants filed a response to Plaintiff's motion concerning a settlement conference. (Doc. 73.) The Court deems a response by Defendants to Plaintiff's request for the appointment of counsel to be unnecessary.

**II.  DISCUSSION**

*Plaintiff's Motion for the Appointment of Counsel*

Plaintiff states she is "barred from communication with several of her key witnesses due

---

[1] A search of the California Incarcerated Records and Information Search (CIRIS) tool reveals Plaintiff has changed her name to Aerith Natalia Asora. (https://apps.cdcr.ca.gov/ciris/results?lastName=asora, as of May 31, 2024.) Changes to the caption of this action considering Plaintiff's name change will be addressed later.

1

to restrictions placed on prisoners." (Doc. 71 at 2.) She contends an attorney could contact "any of the 4 witnesses" whereas she cannot. (*Id*.) Plaintiff further states she has undergone the first of three surgeries. (*Id*.) Next, Plaintiff states her "documentation and evidence" is presently unavailable to her, and that the documentation was stored in a facility that sustained water damage and a second facility that was "targeted for Arson." (*Id*.) She does not know where her property is currently stored "and does not have time to locate it due to the transfer." (*Id*.) Plaintiff maintains her last two attempts to contact defense counsel "have gone without response and plaintiff cannot call the provided number." (*Id*.) Plaintiff contends "the complexity of making a legal argument fixated on medical issues requires an attorney and a medical witness that plaintiff cannot provide." (*Id*.) She asserts the only way to obtain a truly fair outcome "is to have counsel appointed." (*Id*.)

<u>Analysis</u>

As Plaintiff has previously been advised (*see* Doc. 38), Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court must evaluate the likelihood of Plaintiff's success on the merits of her claims. Here, the Court is unable to evaluate the likelihood of success on the merits. While Plaintiff's

complaint survived screening and Defendants filed an answer to the complaint, screening tested only the plausibility of Plaintiff's claims. Nor were dispositive motions filed by either party that may have provided insight in this regard. Here, a merits determination will be made at trial of the action. *See Venable v. Patel*, No. 1:17-cv-01519-BAM (PC), 2021 WL 5882937, at *3 (E.D. Cal. Dec. 13, 2021) ("Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's case is proceeding to trial, this does not alone indicate a likelihood of success on the merits").

The Court must also evaluate Plaintiff's ability to articulate her claims pro se in light of the complexity of the legal issues involved. In this case, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See, e.g.,* Docs. 1, 11, 14, 37, 55 [sealed], 70.) *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Moreover, judges in this district have held that deliberate indifference to serious medical needs claims are not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same). In short, the Court finds Plaintiff able to articulate her claims in light of their complexity.

Next, Plaintiff is advised that neither incarceration nor indigency are exceptional circumstances warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2023 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Davis v. Portillo*, 2023 WL 4979965, at *2; *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570,

at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010). *See also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding that plaintiff failed to demonstrate exceptional circumstances despite his contentions that "the pain from his surgery limited his ability to prepare for trial, and prison officials had denied him access to his legal documents, thereby limiting his ability to prepare for trial").

Plaintiff is further advised that the fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (declining to appoint counsel where plaintiff argued imprisonment "will greatly limit his ability to litigate," finding such challenges "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Also, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To the extent Plaintiff infers her case requires a medical expert, this too is not an exceptional circumstance warranting the appointment of counsel. *See Brooks v. Smith*, No. 2:22-

CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *Accord Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1.

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter. *Rand*, 113 F.3d at 1525.

### *Plaintiff's Motion for a Settlement Conference*

Plaintiff requests "clarification as to whether or not there will be a" settlement conference before trial. (Doc. 71 at 2-3.) Plaintiff states that the joint status report of June 1, 2023, reflects "both plaintiff and counsel for defendants stated they would be willing to engage in a settlement conference," but she has not heard anything from the Court or defense counsel. (*Id*. at 2.) Plaintiff believes that "if Defendants in good-faith attempt to settle a settlement can be reached between the parties without the need to seat a jury." (*Id*. at 3.)

///

Analysis

On March 4, 2021, Defendants did not believe an early settlement conference would be productive and opted not to participate. (*See* Doc.34.) On March 25, 2022, the then-assigned magistrate judge issued an Order Directing Parties to Participate in a Settlement Conference. (Doc. 45.) Ultimately, the undersigned conducted a settlement conference in this matter on May 1, 2023. (*See* Doc. 66.) The matter did not settle, but the parties were advised they could "request to convene for a follow-up settlement conference" if they chose to do so. (*Id*.) In their joint status report dated June 1, 2023, the parties represented there were then "willing to attempt another settlement conference however each party is unclear whether another settlement conference will be productive." (Doc. 67 at 2.) And, in response to the Court's minute order entered May 17, 2024, directing Defendants to respond to Plaintiff's pending request to reconvene for settlement conference (*see* Doc. 72), Defendants indicated as follows:

> Defendants will participate in another settlement conference if the Court believes the parties could resolve their differences. Defendants' hesitancy, and previous statements that they do not believe another conference will be productive, stems from their belief that the parties were simply too far apart at the last settlement conference to bridge the difference.
>
> Defendants[] believe the settlement value of the case remains unchanged since the last settlement conference, and do not know whether Plaintiff has altered her view regarding the value of her claims.

(Doc. 74 at 1-2.) Given the prior settlement conference proceedings held before the undersigned and Defendants' "unchanged" settlement value in this action, and despite Plaintiff's willingness to participate in a further settlement conference, the Court will not order the parties to do so. Therefore, Plaintiff's motion will be denied. Should the parties mutually decide to participate in a further settlement conference, they may contact the Court.

*Remainder of This Page Intentionally Left Blank*

### III. CONCLUSION AND ORDER

Based on the above, **IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel and motion for a settlement conference (Doc. 71) are **DENIED**.

IT IS SO ORDERED.

Dated: __May 31, 2024__

UNITED STATES MAGISTRATE JUDGE

7