UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATHANIEL MARCUS GANN,

Plaintiff,

v.

UGWUEZE, et al.,

Defendants.

Case No. 1:19-cv-01350-JLT-CDB (PC)

**ORDER REGARDING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF WITNESSES**

(Doc. 70)

## I. INTRODUCTION

In the Order Setting Pretrial Conference and Jury Trial and Associated Deadlines issued June 5, 2023, the Court provided procedures for obtaining the attendance of incarcerated witnesses and a deadline for filing a motion for the attendance of incarcerated witnesses of May 16, 2024. (Doc. 68 at 2-4.) Any opposition was to be filed by June 14, 2024. (*Id*. at 4.) That same order also provided procedures for obtaining the attendance of unincarcerated witnesses. (*Id*. at 4-5.)

On May 16, 2024, Plaintiff[1] filed a motion seeking the attendance of four witnesses at trial: Daniel Heath Woodward, Jose Ibanez, Inmate Hochstrausser, and Matthew J. Hall. (Doc.

[1] Plaintiff filed a "Notice of New Name/Address" on May 16, 2024, indicating she has legally changed her name to Aerith Natalia Asora. (Doc. 71.) A search of the California Incarcerated Records and Information Search (CIRIS) tool reveals Aerith Natalia Asora, CDCR No. G64542, is housed at the California Institution for Men. (https://apps.cdcr.ca.gov/ciris/results?lastName=asora, as of May 31, 2024.)

70.) On May 20, 2024, Defendants filed a response to Plaintiff's motion. (Doc. 73.)

**II. DISCUSSION**

This action proceeds on the following claims: (a) deliberate indifference to serious medical needs against Defendants Arietta, Hashemi, Igbinosa, Kokor, and Ugwueze; (b) medical negligence against the aforementioned individuals plus Defendant Pacheco; and (c) battery against Defendant Ugwueze.

***Plaintiff's Motion***

Plaintiff states that "due to restrictions placed upon plaintiff who is no longer housed with the witnesses, she cannot obtain declarations with the specific written text as asked for in the order." (Doc. 70 at 1.) Regarding Daniel Heath Woodward, Plaintiff states Woodward was housed with her, was also cared for by Defendant Kokor, and was "personally present for several of the seizures that plaintiff suffered, and carried plaintiff to medical when injury resulted." (*Id.*) Plaintiff states Woodward has personal knowledge of Defendant Ugwueze's medical practice. (*Id.*) She asserts that Woodward has not signed a statement, "but at the time of the incidents 2015-2016 stated flatly that he would voluntarily testify." (*Id.*) As to Jose Ibanez, Plaintiff states he was present when Plaintiff suffered the seizure that injured her spine, and during several seizures that occurred on the facility yard. (*Id.* at 1-2.) Plaintiff states Ibanez "signed a declaration that is currently in plaintiff's legal paperwork storage (unavailable at this time, see below) and agreed to testify when asked in 2021." (*Id.* at 2.) Regarding Inmate Hochstrausser, Plaintiff maintains Hochstrausser was present "for the spinal surgeries and the aftermath of said surgeries," inferring Hochstrausser observed "the physical limitations that plaintiff continues to endure and the suffering when trying to do simple [tasks.]" (*Id.*) Plaintiff states Hochstrausser worked with her "in VSP visiting also able to see over an extended period of time plaintiffs permanent injuries." (*Id.*) Plaintiff asserts Hochstrausser signed a declaration and stated a willingness to testify but notes she "(…was unaware that would be necessary in the declaration)." (*Id.*) As concerns Matthew J. Hall, Plaintiff states Hall is currently on parole in San Diego, and she is unable to communicate with Hall due to his parole restrictions regarding other prisoner contact. (*Id.*) She

asserts Hall signed a declaration and stated he wished to testify. (*Id.*) Plaintiff further asserts Hall is aware of her "physical stature prior to the injury," is aware of Defendant Kokor's medical practices, was present during several of her seizures and denial of medical care and has knowledge of "the affect effects of surgery and the permanent physical limitations" she suffered. (*Id.*) She maintains Hall was present when Plaintiff was carried to medical and denied treatment by Defendants "Arietta, Kokor, etc." (*Id.*)

Further, Plaintiff advises "most of her paperwork is in long term storage with CDCR" due to property limitations, "exasperated [*sic*] by living in a dormitory at CIM." (Doc. 70 at 2.) Further, Plaintiff states that within the past twelve months, the locations where the documents were or are stored have suffered flooding or were "targeted for arson." (*Id.*) Plaintiff states she does not know where the property is stored now. (*Id.* at 3.) Plaintiff asserts she has been placed in isolation "on another facility for weeks" on three occasions: twice due to COVID isolation protocols and once for shingles. (*Id.*) That "movement has left plaintiff with a difficult time locating her property." (*Id.*) Plaintiff states she has undergone gender affirming surgery and is "pending transfer to CCWF," having been approved for the transfer on May 3, 2024, and is expecting to "move within the month if not next week." (*Id.*) Lastly, Plaintiff asserts she has established good cause and "requests the court grant leniency in the content of this motion and give her the ability to revise it at a later date." (*Id.*)

***Defendants' Response***

Defendants provide a response to each of the witnesses identified by Plaintiff. (Doc. 73.) As to Daniel Heath Woodward, Defendants state they cannot find a witness by this name in the California Incarcerated Records and Information Search (CIRIS) database. (*Id.* at 1.) Although several inmates bearing the surname Woodward appear in the database, none appear to have been incarcerated in 2015 or 2016 as asserted by Plaintiff. (*Id.* at 1-2.) Thus, Defendants "must object to any subpoena" for this witness as the individual does not appear to be incarcerated in a California Department of Corrections and Rehabilitation (CDCR) facility. (*Id.* at 2.) Concerning Jose Ibanez, Defendants states Ibanez is currently incarcerated at Valley State Prison. (*Id.*) They

state they have not reviewed the declaration Ibanez purportedly signed and, therefore, cannot comment on whether he could offer admissible testimony. (*Id*.) They acknowledge that if Ibanez's testimony is limited to personal observations, it could be admissible. (*Id*.) Next, regarding Inmate Hochstrausser, Defendants state they cannot locate anyone by that name in the CIRIS database, having attempted several variations of the surname spelling without success. (*Id*.) Defendants object to the issuance of a subpoena for the same reason given for Woodward. (*Id*.) Concerning Matthew J. Hall, Defendants assert they cannot find an individual by that name in the CIRIS database. (*Id*.) Defendants state they do not know where Hall lives and thus object to any subpoena directed to CDCR because they are unable to produce a witness by that name on the grounds Hall does not appear to be incarcerated in a CDCR facility. (*Id*.) Defendants state general objections of relevance, lack of personal knowledge, improper foundation, and improper character evidence, concerning Plaintiff's claims that multiple witnesses have knowledge of treatment by numerous medical providers and that multiple witnesses may be called to offer testimony on medical issues, should any witness attempt to testify "on issues similar to a doctor's general practice, or medical issues." (*Id*.) Defendants state they cannot be more specific without reviewing declarations from potential witnesses. (*Id*. at 2-3.)

***Analysis***

In the Court's Order Setting Pretrial Conference and Jury Trial and Associated Deadlines, obtaining the attendance of incarcerated witnesses requires the following:

> A party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."
>
> The willingness of the prospective witness can be shown in one of two ways: (1) the party him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness;

> or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.
>
> The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (*e.g.*, if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify); or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

(Doc. 68 at 2-3.)

"The determination whether to issue a writ of habeas corpus *ad testificandum* rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006). In determining whether to grant a motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). *See Lopez v. Cate*, No. 1:10-cv-1773-DAD-SKO (PC), 2016 WL 3940341, at *2, 4 (E.D. Cal. July 20, 2016) (acknowledging *Wiggins* factors and applying them to require Plaintiff to offer details "specific enough to warrant transporting" the inmate-witness to testify).

<u>Daniel Heath Woodward</u>

Plaintiff has not provided a CDCR number for Daniel Heath Woodward and a search of the CIRIS tool reveals no individual bearing that name is incarcerated in a CDCR facility. Defendants indicate in their response that none of the individuals bearing the surname Woodward incarcerated in a CDCR facility appear to have been incarcerated in 2015 or 2016 as asserted by

Plaintiff. The Court's search of CIRIS reveals five individuals with the Woodward surname are presently housed in a CDCR facility.[2] One individual has been incarcerated since December 1999—Sean Andrew Woodward, CDCR No. D26156—and is presently housed at Folsom State Prison, and a second individual has been incarcerated since February 2016—Raymond Woodward, CDCR No. AY9718—and is presently housed at California State Prison, Los Angeles County. Therefore, it is possible that either Sean Andrew Woodward or Raymond Woodward, the former having been incarcerated during the entirety of the relevant time period and the latter having been incarcerated for a portion of it, could have been housed with Plaintiff.

Nonetheless, to the extent "Daniel Heath Woodward" is in fact the inmate housed with Plaintiff during the period when her claims arose, he is not presently incarcerated in any CDCR facility. In any event, because Plaintiff has indicated Woodward has not signed a declaration, the Court is unable to balance the applicable factors. *See Wiggins*, 717 F.2d at 468 n.1.

Jose Ibanez

Jose Manuel Ibanez, CDCR No. F94768, is presently housed at Valley State Prison and has been incarcerated since November 2007. Plaintiff contends Ibanez is an eyewitness to her seizures and "signed a declaration that is currently in plaintiff's legal paperwork storage … and agreed to testify when asked in 2021." Defendants state they have not reviewed Ibanez's declaration but acknowledge that testimony offered based on personal knowledge could be admissible.

Plaintiff explains she cannot offer Ibanez's declaration as a part of her pending motion because she does not have access to her legal property. It is presently stored elsewhere, and according to Plaintiff, has been stored in facilities that sustained flooding or possible fire damage. Defendants offer no response to Plaintiff's assertions in this regard. The Court will permit Plaintiff to renew her motion to include Ibanez's declaration. The Court is aware that Plaintiff is pending transfer to another facility and, as a result, may continue to encounter difficulty in obtaining her legal property. Nevertheless, with trial set to commence on November 13, 2024,

[2] (https://apps.cdcr.ca.gov/ciris/results?lastName=Woodward, as of 5/31/2024.)

Plaintiff shall make every effort to obtain her legal property prior to the pretrial conference set for July 15, 2024, before District Judge Jennifer L. Thurston. Plaintiff shall be required to file a status report prior to the pretrial conference and must be prepared to address whether she is in possession of her legal property and if not, where it is presently stored and when she anticipates gaining access to it. If, in the interim, Plaintiff gains access to her legal property, she shall immediately renew her motion by providing Defendants and the Court with a copy of Ibanez's declaration. The Court will consider the *Wiggins* factors at that time. *Wiggins*, 717 F.2d at 468 n.1.

Inmate Hochstrausser

Plaintiff has not provided a CDCR number for "Inmate Hochstrausser" and a search of the CIRIS tool reveals no individual bearing that specific surname is incarcerated in a CDCR facility. Defendants indicate in their response that their search for this individual was unsuccessful despite employing several variations of the surname spelling. Nevertheless, the Court has identified "Alexandre Laurent Hochstraser," CDCR No. G10505, who is presently incarcerated at Valley State Prison, by entering "Hoch" as a last name in the CIRIS tool search bar. Hochstraser was admitted to CDCR in April 2008 and thus may be the individual identified by Plaintiff.

Presuming so, it appears Hochstraser may have relevant testimony to offer as he apparently is an eyewitness to Plaintiff's physical state following surgeries and related physical limitations. Further, Plaintiff asserts he signed a declaration and is willing to testify. For the same reasons discussed above regarding Ibanez, Plaintiff will be afforded the opportunity to renew her motion by providing Defendants and the Court with Hochstraser's declaration once available.

Matthew J. Hall

Plaintiff provides Hall's CDCR number and states he is "on parole" in San Diego. Defendants state a CIRIS search reveals no individual by this name is incarcerated in a CDCR facility, and that they do not know where Hall lives and cannot produce him because he is not incarcerated in a CDCR facility. The Court's review of the CIRIS tool confirms no individual

named Matthew Hall, assigned CDCR No. F95739, is incarcerated in any CDCR facility.[3]

For these reasons, the Court presumes Matthew J. Hall is an unincarcerated witness. Plaintiff was previously provided information concerning obtaining the attendance of an unincarcerated witness. (Doc. 68 at 4-5.) In short, if the unincarcerated witness agrees to testify voluntarily, it is Plaintiff's responsibility to notify the witness of the time and date of trial, and no further action is required of the Court. (*Id*.) If, however, the unincarcerated witness refuses to testify voluntarily, the witness must be served with a subpoena and witness fees. (*Id*.) The specific procedures for obtaining a subpoena are also outlined in the Court's order. (*Id*.)

It appears Hall may have relevant testimony to offer as he apparently is an eyewitness as concerns Plaintiff's physical state following surgeries and related physical limitations. To the extent Plaintiff believes Hall will testify voluntarily, it is her responsibility to locate Hall and notify him of the time and date of trial. Further, if Hall will not testify voluntarily, Plaintiff is required to comply with the procedures previously outlined.

## III. CONCLUSION AND ORDER

Based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the attendance of witnesses (Doc. 70) is denied without prejudice; and

*Remainder of This Page Intentionally Left Blank*

[3] A Matthew Robert Hall, CDCR No. BX0325, is incarcerated at Kern Valley State Prison, but was only admitted in February 2024. (https://apps.cdcr.ca.gov/ciris/results?lastName=hall&firstName=m, as of 5/31/2024.) Further, no other individual with the surname Hall and a first name starting with the letter "M" has a CDCR number matching that provided by Plaintiff.

2. Plaintiff **SHALL** file a status report **no later than June 28, 2024**. The status report shall detail Plaintiff's efforts to obtain access to her legal documentation and its whereabouts. Alternatively, by that same date, Plaintiff may renew her motion for the attendance of witnesses to include the declarations of Ibanez and Hochstraser and may move for the attendance of the remaining witnesses pursuant to the appropriate procedure, i.e., for an incarcerated witness (Woodward) or for an unincarcerated witness (Hall), if needed and/or necessary.

IT IS SO ORDERED.

Dated: **May 31, 2024**

UNITED STATES MAGISTRATE JUDGE