UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERITH NATALIA ASORA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UGWUEZE, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01350-JLT-CDB (PC)<br><br>**ORDER FOLLOWING JOINT STATUS REPORT FILED NOVEMBER 14, 2024**<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR DISCOVERY**<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO FILE A MOTION FOR SUMMARY JUDGMENT** |

**I.      RELEVANT BACKGROUND**

On September 30, 2024, District Judge Jennifer L. Thurston issued a minute order continuing the previously set trial in this matter to August 26, 2025. (*See* Doc. 94.) The minute order further states: "Defendants also request that the Court re-open discovery as to how Plaintiff's surgeries might impact damages" and "inquire whether the Court would 'entertain' further dispositive motion practice. … Those discovery and scheduling matters are remanded to the assigned magistrate judge for consideration, who may require the filing of a formal motion." (*Id*.)

On October 2, 2024, the undersigned directed the parties to file a joint status report within 45 days; specifically, the parties were directed to:

>set forth their positions concerning the need for additional, limited discovery concerning Plaintiff's possible knee surgery. The parties shall include all available information concerning the timing of upcoming surgical procedures that may inform the Court's decision regarding potential limited discovery deadlines. Further, the parties shall set forth their positions concerning the request that the Court allow for the filing of motions for summary judgment. Any party seeking to file a motion for summary judgment shall explain the basis for the request at this stage of the proceedings and shall provide legal authority in support of such a request.

(*See* Doc. 95.)

On November 14, 2024, the parties filed their joint status report. (Doc. 96.) Defendants request permission to obtain additional medical documentation concerning Plaintiff's knee (*id*. at 1-2) and to file a motion for summary judgment (*id*. at 2-3). The Court construes Defendants' requests as a motion for additional discovery and a motion for permission to file a motion for summary judgment.

## II.    DISCUSSION

The Court issued its Discovery and Scheduling Order on March 5, 2021, setting the deadline for the completion of discovery for August 5, 2021, and the dispositive motion deadline for October 4, 2021. (Doc. 36.)[1] Following the discovery cut-off deadline, no party filed a dispositive motion in this matter. Following unsuccessful settlement conference proceedings, in June 2023, the matter was then set for a pretrial conference and trial before District Judge Thurston. (Doc. 68.)

### *Additional Discovery*

Defendants seek additional discovery concerning Plaintiff's knee. They note the additional medical records may lead to further discovery requests should there be a correlation between Plaintiff's knee and spinal conditions, and the potential need for depositions of Drs. Ramberg and Samar. Plaintiff does not object to the additional discovery.

Courts consider the following factors when ruling on a motion to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the

---

[1] On September 1, 2021, the Court issued its order denying Plaintiff's request to modify the scheduling order. (Doc. 40.) Defendants did not seek to modify the scheduling order.

guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North American Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017); *Coleman v. Spearman*, No. 2:19-cv-00369 AC, 2024 WL 3758805, at *2 (E.D. Cal. Aug. 12, 2024) (same).

Here, trial is no longer imminent, Plaintiff does not oppose the request and would not be prejudiced by the requested discovery, Defendant was apparently diligent in obtaining other relevant discovery, the foreseeability of the need for this additional and limited discovery appears not to have been known prior to the close of discovery, and the likelihood the requested discovery will lead to relevant evidence appears significant. *City of Pomona*, 866 F.3d at 1066. Therefore, considering the relevant factors, the Court will reopen discovery limited to the issue of Plaintiff's knee injury and condition and as described in the parties' joint status report. Defendants shall be directed to complete their limited discovery no later than April 21, 2025.

### *Summary Judgment*

Defendants seek the Court's leave to file a motion for summary judgment concerning Plaintiff's previous suit filed in the Kings County Superior Court. They contend they lacked knowledge of Plaintiff's prior lawsuit involving all but one of the Defendants named in this action and have defended this "case as one of questionable liability and causation." Defendants assert they lacked sufficient time "to prepare a last-minute summary judgment" motion due to the preparation required for a mediation and in advance of the trial previously set to commence on November 13, 2024. They state they now have sufficient time within which to prepare such a motion given the current August 2025 trial date.

Parties are permitted to seek modification of a scheduling order to allow a late motion. *See* Fed. R. Civ. P. 16(b). Modification of a pretrial scheduling order requires a showing of good cause. *Id*. "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.

1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id*.

Additionally, for good cause, a court may extend the time for filing a motion "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether delay is due to excusable neglect, the court is to consider the danger of prejudice to the non-moving party, the length of delay and impact upon the proceedings, the reason for the delay including whether it was within the reasonable control of the moving party, and whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). The Ninth Circuit has found a lack of good cause where a party was on notice of relevant factual information but instead waited until later to seek relief with the Court. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023).

In their pretrial statement submitted July 8, 2024, in advance of the July 15, 2024, pretrial conference, Defendants asserted as follows:

> Defendants recently learned that Plaintiff filed suit for nearly identical claims of deliberate indifference against Defendants Ugwueze, Kokor, Igbinosa, Hashemi, and Arrieta among others in the Superior Court of California, County of Kings. The case was entitled *Nathaniel Gann v. Ugweze*, case number 17C-0341. The Superior Court sustained Defendants' demurrer on the grounds that Plaintiff did not exhaust administrative remedies. As the Plaintiff's current lawsuit was served while the undersigned's office was in the initial stages of working remotely due to the COVID-19 pandemic and we were simply unable to check for other cases at the time as quickly as we were now. This case was defended by a Deputy Attorney General in the Correctional Law Section while the undersigned is part of the Torts and Condemnation Section; thus we would not meet with each other on a routine basis, let alone during the COVID-19 pandemic.
>
> Due to judgment being entered against Plaintiff on nearly identical claims, Defendants would request leave to file to raise a defense of res judicata and/or collateral estoppel.

(Doc. 84 at 9.) Following the pretrial conference, Judge Thurston issued a Pretrial Order directing Defendants to "file their motion for judgment on the basis of res judicata, if at all, **no later than July 26, 2024**." (*See* Doc. 88 at 14, emphasis in original.) In the Amended Pretrial Order filed

4

August 21, 2024, Judge Thurston noted: "Despite the Court setting a deadline of July 26, 2024 for Defendants to file a motion to dismiss based upon newly discovered information, they did not do so." (Doc. 91 at 19.)

First, the docket reveals Plaintiff disclosed the suit filed in the Kings County Superior Court in both her original and first amended complaints. (Doc 1 at 3; Doc. 14 at 3.) Other than referencing limitations caused by the COVID-19 pandemic, including an "inability to check for other cases" quickly, Defendants fail to explain why they were unable to file a motion for summary judgment before the October 4, 2021, deadline, or why, according to their July 8, 2024, pretrial statement, they had only "recently learned" of the Kings County Superior Court action. Any limitations imposed by the COVID-19 pandemic "to check for other cases" have long since resolved. More significantly, Defendants fail to explain how they only "recently learned" in July of this year of the state court action when Plaintiff's original and first amended complaints include reference to the title and case number for the action filed in the Kings County Superior Court.

Next, the undersigned notes that Judge Thurston provided Defendants with a deadline within which to file a motion for judgment based on res judicata, but Defendants elected not to do so. Defendants now seek permission to file a summary judgment motion, more than three years after the original deadline for doing so. Given the fact Plaintiff disclosed the state court filing in both her original and first amended complaints, and the significant passage of time, Plaintiff would likely be prejudiced were the Court to permit such a late filing by Defendants.

Additionally, the undersigned notes that despite expressly directing Defendants to provide legal authority in support of any request to file a motion for summary judgment (Doc. 95 at 2), Defendants failed to do so.

To the extent Defendants contend permitting them to file a motion for summary judgment now "could save time and resources for the Court and the parties," the Court disagrees. "Judicial resources are best conserved when the parties comply with the Court's scheduling orders and raise all applicable grounds for dismissal or judgment as a matter of law in a timely filed motion."

*Zavala v. Chrones*, No. 1:09-cv-01352-BAM-PC, 2012 WL 3861254, at *2 (E.D. Cal. Sept. 5, 2012). Defendants have had ample time to resolve any issue surrounding Plaintiff's earlier state court action. The period between the lifting of any relevant limitations imposed by the COVID-19 pandemic that would affect defense counsel's ability to follow up on Plaintiff's disclosure of the state court action, coupled with the fact Defendants elected not to file any motion on or before July 26, 2024, as premitted by Judge Thurston, weigh against allowing Defendants to file a summary judgment motion at this late stage of the proceedings.

In sum, Defendants did not act diligently and have failed to establish good cause for the instant request. *Pioneer Inv. Services Co.*, 507 U.S. at 395; *Kamal*, 88 F.4th at 1277; *Zivkovic*, 302 F.3d at 1087. Defendants' request or motion for leave to file a motion for summary judgment will be denied.

### III.     CONCLUSION AND ORDER

Accordingly, based upon the foregoing, the Court **HEREBY ORDERS**:

1. Defendants' construed motion for additional discovery is **GRANTED**;
2. Defendants **SHALL** complete the additional and limited discovery no later than April 21, 2025; and
3. Defendants' construed motion for permission to file a motion for summary judgment is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 25, 2024**

　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE