1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10   AERITH NATALIA ASORA,                    Case No. 1:19-cv-01350-JLT-CDB (PC)

11                 Plaintiff,                  **ORDER REQUIRING COUNSEL FOR
                                               DEFENDANTS TO SHOW CAUSE IN
12          v.                                 WRITING WHY SANCTIONS SHOULD
                                               NOT BE IMPOSED FOR FAILURE TO
13   UGWUEZE, et al.,                          OBEY THE COURT'S ORDERS**

14                 Defendants.                 <u>**DEADLINE: August 8, 2025**</u>

15

16          **I.      BACKGROUND**

17          This action settled following settlement conference proceedings conducted on June 25,

18   2025. (Doc. 109 [Minutes].) The undersigned ordered dispositional documents be filed within 30

19   days. (*Id*.)

20          When more than 30 days elapsed and the documents were not filed, the Court issued a

21   Minute Order on July 30, 2025. (Doc. 110 [Minutes].) Specifically, defense counsel was directed

22   "to file a jointly executed stipulation to voluntary dismissal, or a status report explaining the

23   parties' failure to timely file dispositional documents, within five (5) days" of the date of the

24   minute order. (*Id*.) Counsel was warned that a failure to timely comply would result in the

25   issuance of an order to show cause why sanctions should not be imposed. (*Id*.)

26          More than five days have elapsed, yet counsel has failed to comply with Court orders.

27   ///

28                                             1

1

## II.    DISCUSSION

2      The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to

3  "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To

4  effectuate this purpose, the rules provide for sanctions against parties that fail to comply with

5  court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed.

6  R. Civ. P. 37(b).

7      The Court also possesses inherent authority to impose sanctions to manage its own affairs

8  so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc*., 501

9  U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all

10  others, including to protect the due and orderly administration of justice and maintain the

11  authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). To

12  compel a party to comply with the Court's orders, the Court may issue daily sanctions until

13  compliance is obtained. *See Lasar v. Ford Motor Co*., 399 F.3d 1101, 1110 (9th Cir. 2005)

14  (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the

15  defendant to do what he had refused to do").

16      Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

17  counsel or of a party to comply with these Rules or with any order of the Court may be grounds

18  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

19  inherent power of the Court." Local Rule 110.

20      Here, dispositional documents remain outstanding. And defense counsel has failed to

21  comply with the Court's June 25, 2025, and July 30, 2025, orders. Defense counsel's failures

22  affect the orderly and expeditious disposition of this case following settlement. *Chambers*, 501 at

23  43; see also Fed. R. Civ. P. 1. Therefore, imposition of sanctions appears warranted to gain

24  compliance with its orders. *Lasar,* 399 F.3d at 1110; Local Rule 110.

25  //

26  //

27  //

28

**III.    CONCLUSION AND ORDER**

Considering counsel for Defendants' failure to file timely dispositional documents and failure to file a status report no later than August 4, 2025, the Court **HEREBY ORDERS** counsel for Defendants to show cause in writing **no later than August 8, 2025,** why sanctions should not be imposed for failure to obey this Court's orders.

Filing the dispositional documents will not relieve counsel for Defendants' obligation to respond to this order. **<u>Failure to comply with this order to show cause will result in the imposition of sanctions</u>**.

IT IS SO ORDERED.

Dated:    **August 5, 2025**    

_____
UNITED STATES MAGISTRATE JUDGE