UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERITH NATALIA ASORA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UGWUEZE, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01350-JLT-CDB (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS WITHIN 10 DAYS**<br><br>(Doc. 111) |

**I.　BACKGROUND**

This action settled following settlement conference proceedings conducted on June 25, 2025. (Doc. 109 [Minutes].) The undersigned ordered dispositional documents be filed within 30 days. (*Id.*)

When the parties failed to timely comply with the Court's order, on August 5, 2025, the Court issued its Order Requiring Counsel for Defendants to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Failure to Obey the Court's Orders. (Doc. 111.) That same date, Defendants filed a response to the OSC. (Doc. 112.)

**II.　DISCUSSION**

In their response to the OSC, Counsel for Defendants states "[d]ispositional documents are forthcoming, and counsel is working diligently to secure all appropriate information for the Court in order to finalize the settlement entered." (Doc. 112 at 2.) In counsel's supporting

declaration, counsel indicates she sent a letter to Plaintiff explaining that all dispositional paperwork was being processed, including a draft joint statement to the Court for Plaintiff's review and comments, and a return envelope. (*Id.* at 3, ¶¶ 3-4 & Ex. B [letter dated 7/30/2025].) Counsel has not yet received a response from Plaintiff but given her incarceration one was not expected given the timing, although counsel has "no doubt she will respond as soon as she can." (*Id.* at 3, ¶6.) Counsel concludes that "[s]ettlement of this matter is proceeding on course, and when the terms of the agreement are fulfilled, the dismissal will be filed." (*Id.* at 3, ¶ 7.) Notably, the draft status report includes the following language: "The settlement funds are currently being processed and the Notice of Case Settlement and Order of Dismissal will be filed once the funds are received into Plaintiff's account." (*Id.* at 10.)

This Court's Local Rules provide that "[w]hen an action has been settled or otherwise resolved by agreement of the parties … it is the duty of counsel to immediately file a notice of settlement or resolution. See L.R. 272." Local Rule 160(a). Further, the Local Rules state "the Court shall fix a date upon which the documents disposing of the action … must be filed, which date shall not be more than twenty-one days from the date of said notification, absent good cause. The Court may, on good cause shown, extend the time for filing the dispositional papers. A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions. See L.R. 272." Local Rule 160(b).

During the June 25, 2025, proceedings to place the settlement in this action on the record, the undersigned verbally ordered: "The stipulation for voluntary dismissal with prejudice shall be filed within 30 days." (*See also* Doc. 109 [Minutes].) And defense counsel expressly agreed to the terms placed on the record, including the 30-day deadline for filing a stipulation for voluntary dismissal. Regardless, defense counsel now seeks to change the terms of the settlement by withholding the filing of a notice of settlement and a stipulation to voluntary dismissal until "the funds are received into Plaintiff's account." As the parties are aware, it can take up to 180 days after Plaintiff executes the settlement documents (a written settlement agreement, the stipulation to voluntary dismissal, and a payee data sheet) for settlement funds to issue.

Dismissal is not dependent on performance of the agreement but rather settlement of the action. *See Ruelas v. City of Sanger*, No. 1:23-cv-00742-JLT-SAB, 2024 WL 713445, at *1 (E.D. Cal. Feb. 21, 2024) ("The parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action"); *Jordan v. FCA US, LLC*, No. 1:19-cv-01527-AWI-SAB, 2022 WL 686159, at *3 (E.D. Cal. Mar. 8, 2022) ("the parties are again reminded that, once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court generally does not retain jurisdiction to oversee that the parties comply with the terms of the settlement").

> This is because performance of a settlement agreement is technically a separate proceeding from the lawsuit filed in federal court. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 965 (9th Cir. 2014); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.... Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

*Church of Celestial Heart v. Bondi*, No. 1:23-cv-00545-SAB, 2025 WL 1635932, at *2 (E.D. Cal. June 9, 2025); *see Randall v. Trans Union, LLC*, No. 1:23-cv-01547-JLT-SAB, 2024 WL 402488, at *1 (E.D. Cal. Feb. 2, 2024) ("the Court will retain jurisdiction until the dismissal is filed. However, the Court notes it generally declines generic requests to retain jurisdiction after dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction," citing *Kokkonen*).

Here, the filing of dispositional documents was not contingent upon the parties' completion of *performance* of the settlement. Nor does Defendants' response to the OSC establish good cause for retaining jurisdiction over this action to ensure performance. The parties will be ordered to file the stipulation to voluntary dismissal of this action within 10 days. Additionally, no further extensions of this deadline will be granted absent extraordinary circumstances unrelated to the parties' performance of the terms of their settlement agreement.

3

Lastly, the parties are reminded that sanctions may be imposed for any failure to obey the Court's order.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The OSC issued August 5, 2025 (Doc. 111) is **DISCHARGED**; and
2. The parties **SHALL** file a stipulation to voluntary dismissal of this action **within 10 days** of the date of this order to avoid potential sanctions.

IT IS SO ORDERED.

Dated:   **August 8, 2025**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE