UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERITH NATALIA ASORA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UGWUEZE, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01350-JLT-CDB (PC)<br><br>**ORDER REGARDING PARTIES' FILING OF AUGUST 8, 2025**<br><br>(Doc. 114)<br><br>**10-DAY DEADLINE** |

### I.　　BACKGROUND

This action settled following settlement conference proceedings conducted on June 25, 2025. (Doc. 109 [Minutes].) The undersigned ordered dispositional documents be filed within 30 days. (*Id*.)

On August 5, 2025, the Court issued its Order Requiring Counsel for Defendants to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Failure to Obey the Court's Orders. (Doc. 111.) That same date, Defendants filed a response to the OSC. (Doc. 112.)

On August 8, 2025, the Court issued its Order Discharging Order to Show Cause and Requiring Parties to File Dispositional Documents Within 10 Days. (Doc. 113.) That same date, Defendants filed a Notice of Case Settlement and Order of Dismissal. (Doc. 114.)

//

//

1

## II. DISCUSSION

The undersigned has reviewed the parties' August 8, 2025, filing and concludes that dismissal is not appropriate.

First, in the title of the filing, dismissal is sought pursuant to Rule "41(a)(1)(ii)" of the Federal Rules of Civil Procedure. (Doc. 114.) Rule 41 states a plaintiff may "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation *signed by all parties* who have appeared." *See* Fed. R. Civ. P. 41(a)(1)(A) (italics added). Here, Defendants have appeared in this action by filing an answer,[1] however, the "Order of Dismissal" is signed only by Plaintiff. (*See* Doc. 114 at 1.) Dismissal pursuant to Rule 41(a)(1)(A)(ii) requires a stipulation signed by all appearing parties.

Second, the filing states: "Plaintiff Aerith Natalia Asora and Defendant *California Department of Corrections and Rehabilitation* stipulated to …." (Doc. 114, italics added.) However, the California Department of Corrections and Rehabilitation (CDCR) is no longer a party or defendant in this action. (*See* Doc. 22 [dismissing CDCR on 10/2/2020].) And the settlement entered on June 25, 2025, involved Defendants Arietta, Hashemi, Igbinosa, Kokor, Pacheco, and Ugwueze, the parties to the action, and Plaintiff's claims against them.

For the reasons indicated above, the filing of August 8, 2025, is deficient. The undersigned will direct the parties to prepare and file a stipulation to voluntary dismissal, pursuant to and consistent with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and curing the deficiencies identified herein, within 10 days of the date of this order.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The filing submitted August 8, 2025 (Doc. 114) is held is **ABEYANCE**;
2. The parties — Plaintiff Aerith Natalia Asora and Defendants Arietta, Hashemi, Igbinosa, Kokor, Pacheco, and Ugwueze — are **DIRECTED** to file a stipulation to

---

[1] *See* Doc. 30 (Answer filed 1/5/2021).

2

1  voluntarily dismissal **within 10 days of the date of this order**; and

2  3. If the parties cannot file a stipulation to voluntary dismissal of this action within 10 days of the date of this order, defense counsel **SHALL** file a status report by that same date. Any status report must address the parties' efforts to submit a stipulation to voluntary dismissal, with prejudice, pursuant to Rule 41(a)(1)(A)(ii), why such a stipulation could not be submitted as ordered and provide a date upon which the parties expect to file said stipulation.

IT IS SO ORDERED.

Dated: __August 13, 2025__          _____
                                     UNITED STATES MAGISTRATE JUDGE